IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Christopher Dagens, ) | |
| ) | Case No. 13 C 50216 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Village of Wonder Lake, et al., ) | |
| ) | Judge Philip G. Reinhard |
| Defendants. ) | |
| ) | |

## ORDER

      For the reasons stated below, defendant Harding's motion to dismiss [20] is granted in part. Count II is dismissed with prejudice and count III is dismissed without prejudice. Defendant Mason's motion to dismiss [24] is granted. He is dismissed from the case entirely. The Village of Wonder Lake's motion to dismiss [22] is granted. It is dismissed from count I. Plaintiff can proceed on count I against defendant Harding and on count IV against defendant Harding and the Village.

## STATEMENT-OPINION

      On September 30, 2013, plaintiff Christopher Dagens filed a four-count amended complaint against the Village of Wonder Lake, Wonder Lake Police Chief Larry Mason, and Wonder Lake Police Officer Timothy Harding (collectively "defendants"). [18]. In his amended complaint, plaintiff asserts two excessive force claims under 42 U.S.C. § 1983 (counts I and II), a claim for malicious prosecution (count III) and a state law claim for intentional infliction of emotional distress (count IV) against all defendants. All of plaintiff's claims relate to his arrest and subsequent criminal proceedings that occurred in January 2012.

      The amended complaint states that plaintiff was arrested on January 9, 2012. On the said date, Wonder Lake Police Officer Timothy Harding ("Harding") was dispatched to plaintiff's residence for "an alleged domestic situation." [18] ¶ 2. After Harding arrived to the residence, he told plaintiff he was going to handcuff him for his safety and the safety of another individual who was at the residence. Plaintiff contends he was compliant and immediately placed his hands behind his back. He claims Harding ignored this compliance and instead "wrestled with [] [p]laintiff throwing him to the ground and struck [p]laintiff with an object . . . [.] " [18] ¶ 25. Plaintiff alleges Harding then proceeded to tackle him, spray him with pepper spray, and push

him down a flight of stairs in the course of effectuating the arrest. *Id.* ¶ 26. These allegations form the basis of plaintiff's excessive force claims (counts I and II).

Count III of the amended complaint alleges a claim for malicious prosecution. This claim is premised upon plaintiff's allegations that his January 9th arrest and subsequent criminal proceeding lacked probable cause. Specifically, plaintiff alleges he was wrongfully charged of resisting a police officer and states that since "those criminal proceedings [were] terminated in [his] favor[,]" this is evidence of malicious prosecution. *Id.* ¶ 18; 60. Count III is asserted against all defendants.

Count IV is a state law claim for intentional infliction of emotional distress ("IIED"). Plaintiff contends his arrest and criminal proceedings have caused severe emotional distress and alleges all defendants are liable for their extreme and outrageous conduct in relation to his arrest and wrongful prosecution.

All three defendants have filed separate motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant Harding seeks to dismiss counts II and III. He argues count II should be dismissed because it is redundant and count III should be dismissed because of plaintiff's guilty plea and subsequent conviction to a charge of simple battery.

Defendant Mason seeks to be dismissed as a defendant in all of plaintiff's claims. He contends the amended complaint fails to satisfy Rule 8's plausibility standard because plaintiff has not pled facts which indicate he was personally involved in the alleged constitutional violations, malicious prosecution, or intentional infliction of emotional distress. *See* [25].

Finally, the Village of Wonder Lake's ("the Village") seeks to be dismissed from both of plaintiff's excessive force claims (counts I and II). [22]. It argues that dismissal is warranted because plaintiff has failed to allege municipal liability.

"To survive a motion to dismiss under Rule 12 (b)(6), the complaint must state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Yeftich v. Navistar*, 722 F.3d 911, 915 (7th Cir. 2013) (internal quotation marks and citations omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks and citations omitted). In cases such as these, the inference of liability is only "speculative." *Id.*

### A.  Defendant Harding's Motion to Dismiss [20]

Harding seeks to dismiss counts II and III of the amended complaint. He contends both claims fail as a matter of law and dismissal with prejudice is appropriate. While the court agrees that dismissal is appropriate on both counts, the court concludes only count II should be dismissed with prejudice.

*1. Count II*

Harding argues count II should be dismissed because it is redundant of count I and because claims of excessive force should be analyzed under the Fourth Amendment, not the Fourteenth Amendment. Plaintiff filed a response in opposition to Harding's motion to dismiss ([29]), however, he failed to offer any argument as to why count II should survive dismissal. Because of this, the court could dismiss count II based solely upon plaintiff's lack of response. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) (a litigant "waives an argument by failing to make it before the district court"); *see also Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) (noting that a complaint may satisfy the notice pleading requirements of Rule 8(a)(2) and still be subject to dismissal if a plaintiff does not file a brief supporting the legal adequacy of his claims). Since the court concludes count II also fails as a matter of law it will address briefly why count II must be dismissed with prejudice.

As the court previously mentioned, counts I and II are both excessive force claims. Both claims are asserted against all defendants and both contain identical factual allegations. *See* [18] at 3-9. Indeed, the only distinction between count I and count II is that count I is alleged as an excessive force claim under the Fourth Amendment and count II is alleged as an excessive force claim under the Fourteenth Amendment. In *Graham v. Connor*, the Supreme Court rejected the proposition that excessive force claims brought under 42 U.S.C. § 1983 can be analyzed under the Fourteenth Amendment. 490 U.S. 386, 393-95 (1989). In *Graham*, the Court referenced its prior holding in *Tennessee v. Garner*, 471 U.S. 1 (1985) and held:

> that *all* claims that law enforcement officers have used excessive force - deadly or not - in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach. Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive government conduct, that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.

490 U.S. at 395 (emphasis in original).

In light of this precedent, it is clear that plaintiff's claim of excessive force should be analyzed under the Fourth Amendment, not the Fourteenth Amendment. Thus, count II is dismissed with prejudice.

*2. Count III*

Harding also seeks to dismiss plaintiff's malicious prosecution claim (count III) with prejudice. He first points out that the amended complaint fails to specify whether the claim is brought under state or federal law and argues if plaintiff intends to pursue this claim under federal law, the claim fails because there is an adequate alternative under Illinois law. [21] at 4-5 (citing *Parrish v. City of Chicago*, 594 F.3d 551, 552 (7th Cir. 2009)). Next, Harding contends if

3

the claim is intended to be pursued under Illinois law, it fails because the criminal proceedings stemming from plaintiff's January 9, 2012 arrest resulted in a conviction for simple battery. [21] at 5-6.

Plaintiff responds by clarifying that count III "is to be construed under the Laws of the State of Illinois." [29] at 2. However, plaintiff again fails to offer any response regarding his conviction and the effect this conviction has upon his malicious prosecution claim. As the court previously stated, a litigant's failure to respond results in a forfeiture of claims. *See Kirksey*, 168 F.3d at 1041. Because plaintiff fails to provide a response, dismissal of count III is appropriate. *Id.* However, because count III does not necessarily fail as a matter of law, the court will briefly analyze Harding's argument regarding the effect plaintiff's guilty plea and conviction has upon his malicious prosecution claim.

Harding contends count III fails because plaintiff's criminal proceedings were not terminated in his favor. Attached to his brief in support of dismissal, Harding has provided the state court's public records which note the disposition of the charges stemming from plaintiff's January 9, 2012 arrest.[1] *See* [21-2]. These records indicate that plaintiff was charged with four class A misdemeanors and was convicted on one of the four charges as a result of the events that occurred on January 9, 2012. *See* [21-2]. *See id.* Harding argues this conviction defeats any state malicious prosecution claim because plaintiff cannot show that his criminal proceedings were terminated in his favor and he cannot allege an absence of probable cause. While this is undoubtedly true with respect to the charge on which plaintiff was convicted (the simple battery charge), it is not necessarily true with respect to the remaining charges. *See Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007) (stating that "probable cause to believe an individual committed one crime—and even his conviction of that crime—does not foreclose a malicious prosecution claim for additionally prosecuting the individual on a separate charge.").

Under Illinois law, a claim for malicious prosecution requires:

(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the

---

[1]While the court is typically confined to the four corners of the pleadings when considering a motion to dismiss, a district court is free to consider "documents referenced in the pleading[s] if they are central to the claim[,]" (*Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013)) and "may take judicial notice of matters of public record." *Scott v. Bender*, 893 F. Supp. 2d 963, 971 (N.D. Ill. 2012) (citing *General Elec. Capital Corp. V. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)); *see also Brown v. Star*, 494 F. Supp. 2d 914, 916 (N.D. Ill. 2007) (reviewing a copy of the certified statement of disposition that the defendant attached with its motion to dismiss because the document was a matter of public record). The records Harding has included with his motion are public records and thus can be considered in the instant motion to dismiss.

> plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff

*Brown*, 494 F. Supp. 2d at 916 (quoting *Swick v. Liautuad*, 662 N.E.2d 1238, 1242 (Ill. 1996)).

It appears plaintiff's malicious prosecution claim is based on the fact that his charge of resisting a police officer was dismissed or otherwise abandoned. In Illinois, the fact that criminal charges were dismissed or abandoned does not automatically mean such charges terminated in favor of the plaintiff. *See Logan v. Caterpillar, Inc.*, 246 F.3d 912, 925 (7th Cir. 2001). Instead, a plaintiff must establish that such proceedings were terminated "in a manner that is indicative of plaintiff's innocence." *Gray v. Burke*, 466 F. Supp. 2d 991, 1000 (N.D. Ill. 2006) (citations omitted). In *Swick v. Liautuad*, 662 N.E.2d 1238 (Ill. 1996), the Illinois Supreme Court explained that the "abandonment of the proceedings is not indicative of the innocence of the accused when the nolle prosequi is the result of an agreement or compromise with the accused." *Swick*, 662 N.E.2d at 1243.

Harding seems to contend that plaintiff's malicious prosecution claim fails because the State dismissed the resisting charge as a result of plaintiff's guilty plea to the simple battery charge. Plaintiff does not make any effort to dispute this, nor does he allege that the charge of resisting a police officer was terminated "in a manner that is indicative of [his] innocence." *Gray*, 466 F. Supp. at 1000. Instead, plaintiff merely argues that his claim survives because it is brought under Illinois law. This is insufficient. *See Shkrobut v. City of Chicago*, No. 04-C-8051, 2005 WL 2787277 at *4 (Oct. 24. 2005) (dismissing a plaintiff's state law malicious prosecution claim because the plaintiff failed to allege "the charges against him were withdrawn for reasons consistent with his innocence."); *see also Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005) (dismissal may be appropriate if a plaintiff does not offer a response to support the legal adequacy of his claims). Accordingly, the court dismisses count III without prejudice.[2]

### B. Defendant Mason's Motion to Dismiss [24]

Defendant Mason has also filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* [24]. In his motion, Mason seeks to be dismissed from all of plaintiff's claims and argues that the amended complaint fails to allege he was personally involved in any of the conduct at issue. For the same reasons the court dismissed Harding from counts II and III, the court also finds dismissal of these counts appropriate with respect to Mason. Thus, in analyzing

---

[2]The court finds dismissal without prejudice appropriate because unlike count II which fails as a matter of law, count III arguably could be clarified and amended to state a valid claim. If plaintiff wishes to pursue a claim for malicious prosecution against defendant Harding or any other named defendant hereinafter dismissed from count III, he should file a motion seeking leave to amend within 21 days of the entry of this Order. In that motion, plaintiff should explain why his criminal proceedings were terminated in a manner indicative of his innocence notwithstanding the fact that he plead guilty and was convicted on a related charge. Also with that motion, plaintiff should include a copy of his proposed second amended complaint.

Mason's motion to dismiss, the court will only address whether counts I and IV of the amended complaint are sufficiently pled.

*1. Count I*

The amended complaint purports to sue Mason in his "official capacity as the Chief of the Wonder Lake Police Department." [18] ¶ 12. It adds that "[a]s Chief of the Wonder Lake Police Department, [d]efendant Mason both exercised and delegated his municipal final decision making power to [d]efendant Tim Harding . . . and trained and supervised [d]efendant Tim Harding." *Id.* ¶ 13. Aside from these allegations, the amended complaint is void of any mention of Mason and how he was involved in the conduct which form the basis of plaintiff's excessive force claim. Mason contends the lack of allegations cause the excessive force claim against him to fail. The court agrees.

To state a claim under § 1983, a plaintiff must allege the violation of a Constitutional right and must allege that a defendant acting under the color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual defendant can be liable under § 1983 in either their official or individual capacity. *Id.* When a defendant is sued in his or her official capacity, the claim is really one against the State or municipal entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). To establish municipal liability under § 1983 a plaintiff must allege "a deliberate action attributable to the municipality directly caused a deprivation of federal rights." *Board of County Comm'rs v. Brown*, 520 U.S. 397, 415 (1997). Municipal liability can take three forms. It can consist of allegations regarding (1) an express policy that causes a constitutional deprivation; (2) an unconstitutional widespread practice that is so permanent and well-settled that it constitutes a "custom or usage" with force of law; or (3) a person with final policy-making authority caused the constitutional deprivation. *Brokaw v. Mercer County*, 235 F.3d 1000, 1113 (7th Cir. 2000).

As a preliminary matter, it appears that plaintiff intends to sue Mason in his official capacity as Chief of Wonder Lake Police. *See* [18] ¶ 12. While unclear, it seems that plaintiff alleges Mason is liable because he had "final decision making power" over Harding since he "trained and supervised" Harding. [18] ¶ 13. These allegations do not form an official capacity claim under Section 1983 and instead appear to constitute allegations of *respondeat superior* liability. It is well established that "[t]he doctrine of *respondeat superior* does not apply to § 1983 actions . . .[.]" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Thus, Mason cannot be held liable under Section 1983 merely because he trained or supervised Harding.

More fundamentally, even if the court assumed that Mason was a final policy-maker for the purposes of municipality liability, he should be dismissed from count I because plaintiff has already named the Village in count I and a claim against a municipal officer in his or her official capacity is construed as a suit against the municipal entity. *DeGuiseppe v. Village of Bellwood*, 68 F.3d 187, 190 (7th Cir. 1995). Thus, suing both the Village and Mason in his official capacity is redundant. *See Warner v. City of Terre Haute, Ind.*, 30 F. Supp. 2d 1107, 1120 (S.D. Ind. 1998) (dismissing a police chief and mayor as defendants sued in their official capacity because a

plaintiff already had sued the municipal entity). Accordingly, Mason is dismissed from count I.

*2. Count IV*

The allegations surrounding Mason's liability in count IV are also deficient. While plaintiff asserts that all defendants are liable for intentional infliction of emotional distress, the amended complaint lacks any reference as to how Mason was involved in the conduct which allegedly caused plaintiff's severe distress.

Plaintiff alleges that "the actions of the defendants on January 19, 2012 [*sic*] and subsequent actions against [plaintiff] were extreme and outrageous." [18] ¶ 71. He specifically points to the defendants' alleged use of excessive force and continued pursuit of "false charges" as evidence of extreme and outrageous conduct. *See id.* ¶ 72(c). However, the amended complaint fails to allege that Mason was present during plaintiff's arrest and fails to allege how Mason was involved in any of the conduct relating to plaintiff's criminal proceedings. Thus, even if the court assumes that the conduct which plaintiff complains amounts to extreme and outrageous conduct, the amended complaint lacks any factual allegations implicating Mason.

"Under Illinois law, a claim for intentional infliction of emotional distress "must be specific, and detailed beyond what is normally considered permissible in pleading a tort action."" *Titus v. Illinois Dept. of Transp.*, 828 F. Supp. 2d 957, 973 (N.D. Ill. 2011) (quoting *Reilly v. Wyeth,* 876 N.E.2d 740, 755 (Ill. App. Ct. 2007)). To state a claim, a plaintiff must allege that: "(1) the defendant's conduct was extreme and outrageous; (2) the defendant either intended to inflict severe emotional distress or knew that there was a high probability that its conduct would do so; and (3) the defendant's conduct actually caused severe emotional distress." *Id.* (quoting *Graham v. Commonwealth Edison Co.,* 742 N.E.2d 858, 866 (Ill. App. Ct. .2000).

Here, plaintiff has failed to allege any facts that defendant Mason engaged in extreme and outrageous conduct and intended such conduct to inflict severe emotional distress. The allegations in count IV do not satisfy *Twombly's* plausibility standard and do not put Mason on notice of the conduct with which he is being held liable. As such, the court grants defendant Mason's motion to be dismissed from count IV. *See Titus*, 828 F. Supp.2d at 973-74 (dismissing a plaintiff's claim for intentional infliction of emotional distress because the plaintiff failed to allege sufficient facts to state a claim). In light of the above, Mason's motion to dismiss [24] is granted and he is dismissed from the case entirely.

### C. The Village of Wonder Lake's Motion to Dismiss [22]

The Village of Wonder Lake also has filed a motion to dismiss. [22]. In its motion, the Village seeks to be dismissed from counts I and II. It argues that the amended complaint fails to allege municipal liability. The court concludes the Village should be dismissed from count II for the same reasons discussed above that Harding was dismissed

from count II. Therefore, the court will only address whether the amended complaint provides sufficient allegations with respect to the Village in count I.

Similar to defendant Mason, the Village argues that plaintiff's allegations of municipal liability fail to satisfy Rule 8 and fail to meet the plausibility standards set forth in *Twombly*. Plaintiff responds that the Village is liable in count I because of "unconstitutional decision[s], policies, practice[s], habits, customs, usages . . . and intentional failures which were moving forces in the complained of constitutional and statutory violations and resulting injuries." [18] ¶ 14. However, the amended complaint fails to specify what those unconstitutional policies and practices are and how they caused plaintiff's constitutional rights to be violated. Thus, as currently pled, the allegations in the amended complaint fail to establish municipal liability under Section 1983. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (explaining that to survive dismissal, a plaintiff must "plead factual content that allows the court to draw the reasonable inference that the [municipality] maintained a policy, custom, or practice that lead to the constitutional violations."); *see also Doe v. Champaign Community Unit 4 School Dist.*, No. 11-CV-3355, 2013 WL 3712350 at *3-*4 (C.D. Ill. July 12, 2013) (dismissing a plaintiff's official capacity Section 1983 claim because the plaintiff failed to identify an express policy or widespread practice caused her constitutional injuries). Accordingly, the court concludes the Village should be dismissed from count I.

The court also notes that plaintiff's reliance on *Padilla v. City of Chicago*, No. 07-C-5253, 2011 WL 3793413 (N.D. Ill. Aug. 24, 2011) is misplaced. In his brief opposing the Village's motion to dismiss, plaintiff concedes that the amended complaint fails to point to a specific policy or practice which caused his injuries. He argues that such an allegation is unnecessary to survive dismissal and points to *Padilla* as support. *See* [30] at 3. *Padilla*, however, is distinguishable.

In *Padilla v. City of Chicago*, a district court refused to dismiss a plaintiff's *Monell* claim. *Padilla*, 2011 WL 3793413 at *5-*6. While the City argued the plaintiff's claim should be dismissed because it lacked factual support, the court reasoned that the claim survived because the plaintiff named each of the policies which he alleged were responsible for his constitutional injuries rather than "merely alleging an unnamed, general policy held by the City." *Id.* Unlike the claim in *Padilla*, the amended complaint here fails to "point to particular practices and policies" that allegedly caused plaintiff's constitutional rights to be violated and therefore the court does not find *Padilla* persuasive. The court concludes the amended complaint fails to allege a *Monell* claim and therefore finds dismissal of the Village appropriate.[3]

---

[3]If plaintiff wishes to amend count I (or add an additional count) to allege a municipal liability claim against the Village, he may file a motion seeking leave to amend within 21 days of the entry of this Order. In that motion, plaintiff should include a copy of his proposed second amended complaint. The second amended complaint should include allegations regarding what

8

    For the reasons above, defendant Harding's motion to dismiss [20] is granted in part. Count II is dismissed with prejudice and count III is dismissed without prejudice. Defendant Mason's motion to dismiss [24] is granted. He is dismissed from the case entirely. The Village of Wonder Lake's motion to dismiss [22] is granted. It is dismissed from count I. Plaintiff can proceed on count I against defendant Harding and on count IV against defendant Harding and the Village.

Date: 12/23/2013        ENTER:

*Philip G. Reinhard*
United States District Court Judge

Electronic Notices (LC)

---

the specific unconstitutional policy or widespread practice is that caused plaintiff's injury.