IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Christopher Dagens, ) | |
| ) | Case No. 13 C 50216 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Village of Wonder Lake, et al., ) | |
| ) | Judge Philip G. Reinhard |
| Defendants. ) | |

## ORDER

For the reasons stated below, defendants' objection to Magistrate Judge Iain D. Johnston's August 27, 2014 Order [59] is denied.

## STATEMENT-OPINION

On September 30, 2013, plaintiff Christopher Dagens filed a four-count amended complaint against the Village of Wonder Lake, Wonder Lake Police Chief Larry Mason, and Wonder Lake Police Officer Timothy Harding (collectively "defendants"). [18]. In response to the amended complaint, all three defendants filed separate motions to dismiss. *See* [20], [22], & [24]. On December 23, 2013, this court granted defendant Mason's motion entirely and dismissed him from the suit. *See* [39]. In the court's order, it also granted the Village's motion and dismissed it from count I and granted defendant Harding's motion in part. *See id.*

The claims that currently remain are plaintiff's excessive force claim against Harding and an intentional infliction of emotional distress claim against Harding and the Village. *See* [39].

After the court issued its opinion, the parties had a status hearing before Magistrate Judge Iain D. Johnston on January 16, 2014. Defense counsel failed to appear at this hearing. *See* [41]. Despite his absence, a case management schedule was set. In relevant part, it provided that May 30, 2014 was the deadline to "amend, join parties and supplement discovery," and August 29, 2014 was the deadline to complete fact discovery. *See* [41].

Before the deadline to amend had passed, the parties had another status conference before Magistrate Judge Johnston. [44]. At this hearing, defense counsel was present. During the hearing, Magistrate Judge Johnston informed defendants that he had not received their answer to plaintiff's amended complaint. Defense counsel was surprised, but informed the court that he would check his records and file his answer immediately. Magistrate Judge Johnston responded

1

by vocalizing his concerns and specifically mentioned that defendants needed to ensure that their affirmative defenses were timely asserted. Oral Recording of Status Hearing at :45, *Dagens v. Village of Wonder Lake et al.*, No. 13-CV-50216, (N.D. Ill. May 15, 2014). Defendants' answer was filed later that day. *See* [43]-[44].

On August 20, 2014, the parties filed an agreed motion for an extension of time to complete fact discovery. *See* [45]. Magistrate Judge Johnston granted the motion and gave the parties until September 26, 2014 to complete fact discovery. *See* [47]. At no point during this time was there any mention of the May 30, 2014 deadline to amend and/or join parties.

On August 26, 2014, (nearly three months after the deadline to amend), defendants moved to file an additional affirmative defense. *See* [49]. In their motion, they argued that leave to amend should be granted pursuant to Federal Rule of Civil Procedure 15. Defendants also argued that their motion should be granted because their additional defense would not result in undue surprise or prejudice. *See id.* Aside from these statements, defendants made no effort to establish good cause or diligence.

On August 27, 2014, Magistrate Judge Johnston denied defendants' motion. *See* [51]. In his order, Magistrate Judge Johnston concluded that defendants failed to meet the heightened "good cause" standard under Rule 16(b)(4) and this Rule governed because defendants sought to amend after a court-ordered deadline had passed. *See* [51] at 1.

On September 10, 2014, defendants filed an objection to Magistrate Judge Johnston's August 27, 2014 Order. *See* [59]. In their objection, they argued that they should be permitted to add their late affirmative defense pursuant to Federal Rule of Civil Procedure 15. Alternatively, defendants claimed Magistrate Judge Johnston erred in finding that they did not establish "good cause." [59] at 5.

When a party objects to a magistrate judge's order on a nondispositive matter, the district court will set aside or modify the order if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co.*, 126 F.3d 926, 943 (7th Cir. 1997); *Mintel Intern. Group, Ltd. v. Neergheen*, 636 F. Supp. 2d 677, 694 (N.D. Ill. 2009).

Applying this standard, the court finds defendants' objection must be denied. The facts here are clear. Magistrate Judge Johnston set a deadline for the parties to amend on May 30, 2014. *See* [41]. Defendants sought to amend their answer and add a new affirmative defense nearly three months after this deadline. [49]. While defendants appear to argue that Magistrate Judge Johnston inappropriately applied Federal Rule of Civil Procedure 16(b), and instead should have applied Rule 15, they are mistaken.

Typically, Federal Rule of Civil Procedure 15(a) governs motions for leave to amend. This Rule provides that the court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[w]hen a party seeks to leave to amend a pleading after the deadline of the scheduling order, Rule 16(b), and not Rule 15(a) governs." *Vitelo v. Brazzaz*, LLC, No. 09-C-010501, 2010 WL 3273898 at *2 (N.D. Ill. Aug. 16, 2010) (citations omitted).

In their objection, defendants cite the recent Seventh Circuit case *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011) as support. They seem to argue that in *Alioto v. Town of Lisbon*, the Seventh Circuit recognized some "tension" between Rule 15 and Rule 16, and ultimately concluded that Rule 15 trumped Rule 16 when a party seeks to amend after a court-ordered deadline has passed. *Id.* at 719. This argument is entirely without merit.

In *Alioto*, the Seventh Circuit discussed how Rule 16 interacts with Rule 15. It noted that while Rule 15(a) generally governs motions for leave to amend, a district court is "entitled to apply the heightened good-cause standard of Rule16(b)(4) before considering whether the requirements of Rule 15(a)(2) [are] satisfied" if the motion to amend is filed after a court-ordered deadline. *Id.* at 719. The Seventh Circuit noted that Rule 16(b)(2) requires courts to issue scheduling orders "as soon as practicable" and Rule 16(b)(3)(A) expressly provides that courts are required to set a deadline for filing amended pleadings. *Id.* (citing Fed. R. Civ. P. 16(b)(2)-(3)). It then explained that Rule 16(b)(4) requires litigants to establish "good cause" if they wish to amend a pleading after a court-ordered deadline and concluded that the "district court did not abuse its discretion in concluding that Alioto failed to establish good cause . . . [.]" . *Id.* at 719-20. In *Alioto*, the Seventh Circuit held that the primary consideration to determine whether a litigant has established good cause is to examine whether the litigant has established diligence.

In light of this precedent, it is clear Magistrate Judge Johnston's decision to apply Rule 16(b) was not clearly erroneous or contrary to law. Magistrate Judge Johnston adhered to Rule 16(b)(2) and Rule 16(b)(3)(A) by setting the parties' scheduling order and setting forth a deadline to amend shortly after this court issued its opinion on defendants' motions to dismiss. When defendants sought to add an affirmative defense three months after the deadline to amend had passed, the application of Rule 16(b)(4) was more than appropriate.

The same holds true for Magistrate Judge Johnston's determination regarding defendants' failure to satisfy their burden under Rule 16(b)(4). *See* [51] at 1. In his order denying defendants' motion, Magistrate Judge Johnston noted that defendants failed to even mention the words "good cause" or "diligence," in their motion seeking to amend. Indeed, the only argument they made was that their additional affirmative defense would not result in "undue surprise or prejudice." [49] at 1. This court agrees with Magistrate Judge Johnson and finds this insufficient to establish good cause.

As a final matter, the court notes that even if it considered the additional arguments defendants have raised in their objection concerning good cause, none of them are convincing enough to demonstrate good cause. In their objection, defendants seem to realize that the

3

application of Rule 16(b) was appropriate and as a result, now claim that they established good cause. They contend good cause was established because they "acted promptly after realizing that the date for filing amendments or adding new parties did not fall on the same date as the deadline for completing fact discovery." [59] at 4. In other words, defendants contend they exercised diligence because they had the dates for the particular deadlines confused and acted quickly after realizing their mistake. They argue this reason satisfies the heightened good cause burden in Rule 16(b)(4). *See id.* The court disagrees.

Getting dates confused and acting quickly after realizing one's mistake does not demonstrate that all reasonable efforts were used to satisfy deadlines and that despite these efforts, the deadlines were unattainable. *Vitelo*, 2010 WL 3273898 at *3. Moreover, the affirmative defense defendants seek to add is a statute of limitations defense. See [49-1]. This is a defense defendants could have (and should have) asserted immediately. The fact that they neglected to realize it until after their deadline passed, is not "good cause." *See Trustmark Ins. Co. v. Cologne Life Re of America*, 424 F.3d 542, 553 (7th Cir. 2005) (finding that a party "failed to show good cause for its failure to amend . . . [because the party] "was, or should have been, aware of the facts underlying [the amendment]" well before the deadline to amend had passed.). As such, defendants cannot establish good cause and Magistrate Judge Johnston's order was not clearly erroneous.

For the reasons above, defendants' objection [59] to Magistrate Judge Johnston's August 27, 2014 order is denied.


Date: 9/29/2014				ENTER:

						_____
						United States District Court Judge

						Electronic Notices (LC)

4