IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| Christopher Dagens, | ) | |
|---|---|---|
| | ) | Case No. 13 C 50216 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Village of Wonder Lake, et al., | ) | |
| | ) | Judge Philip G. Reinhard |
| Defendants. | ) | |
| | ) | |

## ORDER

For the reasons stated below, defendants' motion for partial summary judgment [67] is denied. Prior to the preparation of the final pre-trial order, the attorneys are to arrange for a settlement conference before Magistrate Judge Johnston within the next 60 days.

## STATEMENT-OPINION

On September 30, 2013, plaintiff Christopher Dagens filed a four-count amended complaint against the Village of Wonder Lake, Wonder Lake Police Chief Larry Mason, and Wonder Lake Police Officer Timothy Harding (collectively "defendants"). [18]. In his amended complaint, plaintiff asserted two excessive force claims under 42 U.S.C. § 1983 (counts I and II), a claim for malicious prosecution (count III) and a state law claim for intentional infliction of emotional distress (count IV). After the court granted defendants' motions to dismiss, the only claims that remained were counts I and IV, plaintiff's excessive force claim against defendant Harding and his intentional infliction of emotional distress claim against defendant Harding and the Village of Wonder Lake. *See* [39]. Wonder Lake Police Chief Larry Mason was dismissed from the suit entirely. *See id.*

The parties that remain have completed discovery and defendants have filed a motion for partial summary judgment. *See* [67]. In their motion, defendants argue plaintiff's claim of intentional infliction of emotional distress fails because plaintiff has not demonstrated that he suffered from severe distress. Defendants also claim they are entitled to summary judgment on plaintiff's excessive force claim if plaintiff bases this claim on the fact that he was handcuffed in an unreasonable manner. *See id.*

On summary judgment, the court construes all facts and draws all inferences in the light most favorable to the non-moving party. *Schepers v. Commissioner, Indiana Dept. of*

1

*Corrections,* 691 F.3d 909, 913 (7th Cir. 2012). The court does not weigh evidence or determine the credibility of witness testimony. *O'Leary v. Accretive Health, Inc.,* 657 F.3d 625, 630 (7th Cir. 2011). Instead, the court only grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). However, Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Prior to addressing the merits of defendants' motion, the court notes that plaintiff has responded to defendants' motion with a supporting memorandum, but has failed to file a response to defendants' Local Rule 56.1 Statements of Material Fact and has failed to provide the court with his own Local Rule 56.1 Statements of Material Fact. *See* [69]. Local Rule 56.1 governs summary judgment motions in the Northern District of Illinois. The Rule requires the party opposing summary judgment to respond to each of the moving party's statements and provides that "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." *Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817 (7th Cir. 2004) (citing N.D. Ill. R. 56.1(b)).

The Seventh Circuit has repeatedly held that a district court "is entitled to expect strict compliance with Rule 56.1." *Ammons* , 368 F.3d at 817 (citing *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994)). This court expects such compliance. As a result, the court will proceed to the merits of defendants' motion, but will assume all well-supported facts set forth in defendants' Local Rule 56.1 Statements of Material Fact are admitted. *See id.*

Plaintiff's case concerns an arrest that occurred at his home in the early morning hours of January 10, 2012. *See* [66] ¶ 26. On January 9, 2012, plaintiff was attending a party and began drinking in the afternoon. [66] ¶¶ 2, 4. Later that evening when he returned home, plaintiff and his girlfriend got into an argument. Allegedly, plaintiff's girlfriend was attempting to wake him up and after she did, plaintiff slapped her in the face "a couple of times." [66] ¶ 12. After this, plaintiff's girlfriend called her mother who then came to the house and called the police.

Officer Tim Harding reported to plaintiff's home at approximately 2:30 a.m on the morning of January 10. [66] ¶ 26. When Harding arrived, he saw plaintiff and asked him to come outside. [66] ¶ 28. Shortly thereafter, officer Harding told the women in the house to stay in the bedroom and subsequently, an altercation between plaintiff and officer Harding ensued. [66] ¶¶ 29-30. While the facts concerning the altercation are largely disputed, officer Harding admits that during the course of the arrest he sprayed plaintiff in the face with pepper foam. [66] ¶ 34. Plaintiff also claims Harding threw him to the ground, struck him with an object and handcuffed him with the intent to cause injury, but Harding denies these facts along with others. *See* [66] ¶¶ 35-36.

Plaintiff contends officer Harding attacked him and claims that the attack and arrest caused him severe emotional distress. He believes that officer Harding and the Village of Wonder Lake are liable for intentional infliction of emotional distress. Plaintiff has testified that his distress consists of depression and "three or four bad dreams." *See* [66] ¶¶ 38-40. Plaintiff also claims that officer Harding is liable under Section 1983 for excessive force.

In their motion for summary judgment, defendants argue that plaintiff's distress is not severe enough to sustain a claim for intentional infliction of emotional distress. They further argue that summary judgment is warranted on plaintiff's excessive force claim to the extent plaintiff bases this claim on being handcuffed too tightly.

Plaintiff disagrees. He claims that he has set forth sufficient evidence for a jury to conclude that the distress he suffered was severe. Plaintiff further argues that summary judgment is inappropriate on plaintiff's excessive force claim because his improper handcuffing is only one of many factors that a jury should consider to determine whether Harding is liable for excessive force. The court will address each claim in turn.

**A. Intentional Infliction of Emotional Distress**

In Illinois, claims for intentional infliction of emotional distress require a plaintiff to demonstrate that (1) that a defendant's conduct was extreme and outrageous; (2) that a defendant knew there was a high probability that his actions would cause severe emotional distress or intended to cause distress; and (3) that a defendant's actions did cause severe emotional distress. *Swearnigen-El v. Cook County Sheriff's Dept.*, 602 F.3d 852, 864 (7th Cir. 2010) (citing *Kolegas v. Heftel Broad. Corp.*, 607 N.E.2d 201, 211 (Ill. 1992)); *see also McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988). It is well established that claims for intentional infliction of emotional distress require more than "mere insults, indignities, threats, annoyances, petty oppression, or other trivialities." *McGrath*, 533 N.E.2d at 809. Instead, liability exists "only where the conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Farrar v. Bracamondes*, 332 F. Supp. 2d 1126, 1131 (N.D. Ill. 2004) (quoting *Public. Fin. Corp. V. Davis*, 360 N.E.2d 765, 767 (Ill. 1976)).

In this case, factual disputes clearly surround the issue of whether officer Harding's conduct was extreme and outrageous. Plaintiff has testified that officer Harding beat him up "very badly." [66-2] at 13. He stated that officer Harding "dove on him" ([66-2 at 21), "spray[ed] [him] in the face with mace or pepper spray" ([66-2 at 21), removed his pants, "slammed [his] head into a set of decorative plates" ([66-2 at 23), "smashed [him] in the face with either a flashlight or a stick" and handcuffed him. While officer Harding denies many of these allegations, at summary judgment the court draws all reasonable inferences in plaintiff's favor, and assumes, without deciding, that plaintiff can satisfy the first and second elements for a claim for intentional infliction of emotional distress.

3

Despite this, Harding claims that summary judgment is warranted because plaintiff cannot demonstrate that he suffered severe emotional distress. To sustain a claim for intentional infliction of emotional distress a plaintiff must establish that he suffered from severe emotional distress. *Warfield v. City of Chicago*, 565 F. Supp. 2d 948, 965 (N.D. Ill. 2008). While fright, grief and humiliation are certainly considered emotional distress, "these mental conditions alone are not actionable." *Id.* (citations omitted).

In this case, plaintiff described the emotional injuries that he suffered as a result of the attack at his deposition. *See* [66-2] at 34-33. He claims that he had a handful of nightmares and claims that he suffered from "six months of depression" as a result of the alleged attack. [66-2] at 33-34. Plaintiff admits that he never sought treatment for any of his emotional injuries and admits he has not been formally diagnosed with depression. [66-2] at 35.

Defendants contend this distress is not severe enough to sustain a claim. They particularly take issue with the fact that plaintiff has not sought treatment for his injuries. *See* [68] at 8-9. Defendants point to a handful of state and federal case law as support. However, after reviewing the relevant case law, the court disagrees with defendants' contentions.

Defendants are correct that claims for emotional distress in Illinois require that a plaintiff show that his distress is so severe that "no reasonable person could be expected to endure it." *Schwarz v. National Van Lines, Inc.*, 375 F. Supp. 2d 690, 709 (N.D. Ill. 2005) (citing *McGrath*, 533 N.E.2d at 809)). However, defendants fail to account for the fact that courts in this District have repeatedly declined to grant summary judgment where discovery revealed that a plaintiff suffered from depression, nightmares, or stomach pain. *See e.g.*, *Schwarz*, 375 F. Supp. 2d at 709 (denying summary judgment where a plaintiff demonstrated that he suffered from recurring nightmares and hysterical reactions); *see also Buckley v. Jones Truck Lines, Inc.*, 778 F. Supp. 449, 452 (N.D. Ill. 1991) (finding summary judgment was not appropriate where a plaintiff showed that he experienced depression and anxiety); *but see Warfield*, 565 F. Supp. 2d at 965 (a plaintiff's complaints of "fright, horror, grief, shame, humiliation and worry" were insufficient to survive summary judgment). Indeed, the Seventh Circuit has explained that while Illinois courts have been more inclined to characterize emotional distress severe if the distress manifests itself through physical symptoms or necessitates medical treatment, neither are a prerequisite to establishing severe emotional distress. *See Honaker v. Smith*, 256 F.3d 477, 495-96 (7th Cir. 2001) (citations omitted). In *Honaker*, the Seventh Circuit found that a plaintiff had presented sufficient evidence regarding the defendant's extreme and outrageous conduct so as to permit a "reasonable inference" that the distress suffered was severe. *Id.* It noted that some Illinois cases have relied upon the principle stated in the Second Restatement of Torts. *Id.* at 496. This provides that "[s]evere distress must be proved, but in many cases the extreme and outrageous character of the defendant's is in itself important evidence that the distress has existed." *Id.* (citations omitted).

In this case, when the court draws all reasonable inferences in plaintiff's favor and assumes that plaintiff's testimony concerning officer Harding's actions are true, the court

4

concludes that a jury could infer that the distress plaintiff suffered was severe. *See id.* (stating that "even when significant evidence [is] not presented as to the severity of distress, the very nature of the conduct involved may be evidence of its impact on the victim."). As a result, the court finds summary judgment is inappropriate for defendants and denies their motion with respect to count IV.[1]

**B. Excessive Force**

Defendants next argue that summary judgment is warranted on plaintiff's excessive force claim if plaintiff intends to base this claim on the fact that he was handcuffed too tightly. Defendants argue that officer Harding is entitled to qualified immunity for any claim that plaintiff attempts to make regarding improper handcuffing.

Plaintiff responds that summary judgment is inappropriate because his claim of excessive force does not solely concern the manner in which he was handcuffed. Plaintiff states his claim is instead based upon the totality of the circumstances on the day of the arrest.

"*[A]ll* claims that law enforcement officers have used excessive force - deadly or not - in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Abdullahi v. City of Madison*, 423 F.3d 763, 768 (7th Cir. 2005) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989) (emphasis in original). This standard is fact specific and "depends on the totality of the circumstances surrounding the encounter with police." *Flores v. Lackage*, 938 F. Supp. 2d 759, 773 (N.D. Ill. 2013) (citing *Estate of Phillips v. City of Milwaukee*, 123 F.3d 586, 592 (7th Cir. 1997)). When evaluating whether the force used by the police was excessive the court weighs factors like "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight." *Id.* (quoting *Graham*, 490 U.S. at 396). "The inquiry is objective: the reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* (internal quotations and citations omitted).

In this case, defendant Harding does not ask for summary judgment on plaintiff's entire excessive force claim. Instead, he only argues that summary judgment is appropriate to the extent plaintiff bases his entire claim on being handcuffed unreasonably. Harding claims he is entitled to qualified immunity with respect to this claim because it is undisputed that plaintiff never complained of the manner in which he had been handcuffed. *See* [66] ¶ 43.

---

[1]The court acknowledges that defendants' contentions concerning plaintiff's claims of distress could point to weaknesses in plaintiff's case. However, the court cannot say that plaintiff, as a matter of law at this stage, has failed to establish that he suffered from severe distress.

5

Harding's argument here is misguided for a number of reasons. First, it is clear that disputed issues remain regarding the arrest and the alleged attack that Harding levied on plaintiff before he was handcuffed. Plaintiff claims he was tackled, hit with objects, and sprayed in the face with pepper spray before he was handcuffed. Harding denies most of these allegations, but plaintiff states that his excessive force claim is based upon all of officer Harding's conduct, not just the way in which he was handcuffed. *See* [69] at 12-15. Claims of excessive force are examined under the "totality of the circumstances." *Flores*, 938 F. Supp. 2d at 773. As a result, the court cannot conclude that summary judgment is appropriate because of the issues of fact that remain regarding the amount of force used during the entire incident.

Next, Harding's argument concerning his lack of knowledge is misplaced. Harding believes he cannot be liable because plaintiff never complained of the way in which he was handcuffed. This is not entirely accurate. While Seventh Circuit has held that an "officer cannot be expected to respond to an injury about which he is unaware[,]" it has also noted that "knowledge may be inferred from the nature of the act itself." *Rooni v. Biser*, 742 F.3d 737, 742 (7th Cir. 2014) (citations omitted). Here, if the court gives plaintiff the benefit of the doubt, and assumes all of his allegations regarding Harding's conduct are true, it is possible that a jury could infer that Harding knew that the manner in which he handcuffed plaintiff caused harm. *See id.* at 743. As such, the court does not find Harding's argument concerning a lack of knowledge persuasive at this stage in the litigation.

Finally, the court notes that Harding is not entitled to qualified immunity. "To determine whether a defendant is entitled to qualified immunity, courts must address two issues: (1) whether the defendant violated the plaintiff's constitutional rights and (2) whether the right at issue was clearly established at the time of the violation." *Stainback v. Dixon*, 569 F.3d 767, 770 (7th Cir. 2009) (citing *Phelan v. Vill. of Lyons*, 531 F.3d 484, 487 (7th Cir. 2008)).

Harding appears to argue that he is entitled to qualified immunity because there cannot be a constitutional violation if plaintiff bases his entire excessive force claim on being handcuffed unreasonably. This argument fails for a few reasons. First, plaintiff has stated that his claim is based upon the entire incident, not just the way he was handcuffed. Next, even if plaintiff sought to bring a claim based upon unreasonable handcuffing, courts in the Seventh Circuit have allowed such a claim to survive summary judgment. *See Payne v. Pauley*, 337 F.3d 767, 780-81 (7th Cir. 2003); *Herzog v. Vill. of Winnetka*, 309 F.3d 1041, 1042-43 (7th Cir. 2002) *Howard v. Ealing*, 876 F. Supp. 2d 1056, (N.D. Ind. 2012).

When viewing the facts in the light most favorable to plaintiff, the non-moving party, the court finds plaintiff has shown that officer Harding violated his constitutional rights when he tackled plaintiff, pushed him against a wall, sprayed him in the face with pepper spray, hit him with an object and then handcuffed him. As plaintiff describes it, he never conducted himself in a disorderly manner or resisted arrest. Thus, plaintiff has demonstrated that a constitutional violation occurred if his version of the facts is accepted and officer Harding is not entitled to qualified immunity.

Of course, should this case proceed to trial, plaintiff's version of the facts may not be accepted and a constitutional violation may not be found. However, at this stage in litigation, when accepting plaintiff's version of the story, the court cannot conclude that plaintiff has failed to demonstrate a constitutional violation. As such, the court will not grant Harding qualified immunity and defendants' motion for summary judgment [67] is denied as it relates to plaintiff's excessive force claim.

For the reasons above, defendants' motion for partial summary judgment [67] is denied.

Prior to the preparation of the final pre-trial order, the attorneys are to arrange for a settlement conference before Magistrate Judge Johnston within the next 60 days.

Date: 2/10/2015            ENTER:

*Philip G. Reinhard*
United States District Court Judge

Electronic Notices. (LC)